UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITTANEE TUPITZA, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TEXAS ROADHOUSE MANAGEMENT CORPORATION,**<br><br>**Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>1:20cv2 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Brittanee Tupitza ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Carlson Lynch LLP, upon personal knowledge as to herself, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who have worked for Defendant Texas Roadhouse Management Corporation ("Texas Roadhouse" or "Defendant") in the United States as exempt-classified Service Managers, Kitchen Managers, and other exempt-classified assistant managers, however variously titled (collectively, "Assistant Managers") at Defendant's corporate-owned restaurant locations.

2.      Plaintiff brings this action to recover unpaid overtime compensation for herself and similarly situated Assistant Managers as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3.      Plaintiff also brings this action to recover unpaid overtime compensation for herself and similarly situated Pennsylvania Assistant Managers as a Fed. R. Civ. P. 23 class action under the Pennsylvania Minimum Wage Act, 43 Pa. Stat. and Cons. Stat. §§ 333.101 *et seq*. (the "Pennsylvania Wage Laws").

4.      Texas Roadhouse is a casual restaurant chain, which operates approximately 464 company-owned locations across the country.

5.      Texas Roadhouse had approximately $2.4 billion in restaurant sales (including its franchised and company-operated restaurants) in fiscal year 2018.

6.      Texas Roadhouse misclassified Plaintiff and other Assistant Managers as exempt from the overtime requirements of the FLSA and Pennsylvania Wage Laws.

7.      Texas Roadhouse required Plaintiff and other Assistant Managers to work more than 40 hours per workweek without paying them any overtime compensation and Plaintiff and other Assistant Managers did in fact work more than 40 hours per workweek without receiving overtime compensation.

8.      Plaintiff and other Assistant Managers performed substantially the same duties in all Texas Roadhouse restaurants nationwide.

9.      Plaintiff and Assistant Managers spent the majority of their time performing the same duties that non-exempt restaurant employees performed, including cooking and preparing food; taking orders; serving customers; cleaning; processing customer payments; and expediting. Performing these tasks was the primary duty of the Assistant Manager positions.

10.     Texas Roadhouse applies the same compensation and employment policies, practices, and procedures to its Assistant Managers nationwide.

## THE PARTIES

**Plaintiff Brittanee Tupitza**

11.     Plaintiff was employed by Defendant as a Service Manager in Erie, Pennsylvania from approximately June 2016 to May 2017.

12.     While employed by Defendant as a Service Manager, Plaintiff regularly worked more than 40 hours per week and often worked between 50 and 70 hours per week for Defendant.

13.     Pursuant to Texas Roadhouse's policy and pattern or practice, Texas Roadhouse did not pay Plaintiff overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

14.     Pursuant to Texas Roadhouse's policy and pattern or practice, Texas Roadhouse classified Plaintiff as exempt from overtime protections when she worked as a Service Manager for Defendant.

15.     As a Service Manager, Plaintiff typically performed non-exempt duties such as preparing food, cleaning the restaurant, bussing tables, serving customers, processing payments, and taking orders.

16.     Plaintiff is a covered employee within the meaning of the FLSA and the Pennsylvania Wage Laws.

17.     A written consent to join form for Plaintiff is attached hereto as **Exhibit A**.

**Defendant**

18.     Texas Roadhouse is a covered employer within the meaning of the FLSA and the Pennsylvania Wage Laws.

- 3 -

19.     At all times relevant, Texas Roadhouse maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

20.     Texas Roadhouse applies the same employment policies, practices, and procedures to all Assistant Managers at all company-owned Texas Roadhouse restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

21.     At all times relevant, Texas Roadhouse's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

22.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

23.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

24.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

26.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Defendant is subject to personal jurisdiction in Pennsylvania.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

27.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. §

216(b), on behalf of herself and all similarly situated persons who worked as Assistant Managers at

Texas Roadhouse corporate-owned restaurants nationwide at any time since January 6, 2017, who

elect to opt-in to this action (the "FLSA Collective").

28.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate

Plaintiff and the members of the FLSA Collective.

29.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the

members of the FLSA Collective were not paid overtime premium compensation when they

worked beyond 40 hours in a workweek.

30.     All of the work that Plaintiff and the members of the FLSA Collective have

performed has been assigned by Defendant, and/or Defendant has been aware of all of the work

that Plaintiff and the FLSA Collective have performed.

31.     As part of its regular business practice, Defendant has intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the members of FLSA Collective.  This policy and pattern or practice includes, but is

not limited to:

     (a)     willfully failing to pay Plaintiff and the members of the FLSA Collective premium overtime wages for hours that they worked in excess of 40 hours per workweek;

     (b)     willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

     (c)     willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of Defendant.

32.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

33.     Plaintiff and the members of the FLSA Collective perform or performed the same primary duties.

34.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

35.     There are many similarly situated current and former Assistant Managers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

36.     Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

37.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

### PENNSYLVANIA CLASS ACTION ALLEGATIONS

38.     Plaintiff brings the Second Cause of Action, the Pennsylvania Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Service Managers or Kitchen Managers, or other exempt-classified assistant managers, however titled ("Assistant Managers") at any Texas Roadhouse corporate-owned restaurant in Pennsylvania between January 6, 2017 and the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

39.     Excluded from the Pennsylvania Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 Class.

40.     The members of the Pennsylvania Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

41.     Upon information and belief, there are at least 24 corporate-owned Texas Roadhouse locations in Pennsylvania with several Assistant Managers at each location and therefore the size of the Pennsylvania Rule 23 Class is at least 40 individuals.

42.     Defendant has acted or has refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Rule 23 Class as a whole.

43.     Common questions of law and fact exist as to the Pennsylvania Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)     whether Defendant violated the Pennsylvania Wage Laws;

    (b)     whether Defendant failed to compensate Plaintiff and the Pennsylvania Rule 23 Class for hours worked in excess of 40 hours per workweek;

    (c)     whether Defendant misclassified Plaintiff and the Pennsylvania Rule 23 Class as exempt from the overtime requirements of the Pennsylvania Wage Laws;

    (d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Pennsylvania Rule 23 Class, and other records required by the Pennsylvania Wage Laws;

    (e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

44.    Plaintiff's claims are typical of the claims of the Pennsylvania Rule 23 Class she seeks to represent.

45.    Plaintiff and the Pennsylvania Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

46.    Plaintiff and the Pennsylvania Rule 23 Class members enjoy the same statutory rights under the Pennsylvania Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff and the Pennsylvania Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Pennsylvania Wage Laws.  Plaintiff and the Pennsylvania Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

47.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Pennsylvania Rule 23 Class.  Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

48.     Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Pennsylvania Rule 23 Class members.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Pennsylvania Wage Laws.  Although the relative damages suffered by individual Pennsylvania Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

50.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

51.     Throughout their employment with Defendant, Plaintiff and the members of the FLSA Collective and the Pennsylvania Rule 23 Class (collectively, "Class Members") regularly worked more than 40 hours per week.

52.     Plaintiff's and the Class Members' primary job duties are common throughout Texas Roadhouse's restaurants.

53.    Defendant was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

54.    Defendant did not keep accurate records of hours worked by Plaintiff or the Class Members.

55.    Plaintiff's and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

(a)    cooking and preparing food;

(b)    cleaning the restaurant;

(c)    taking orders;

(d)    serving customers;

(e)    processing payments; and

(f)    expediting food orders.

56.    Plaintiff and the Class Members spent the majority of their time as Assistant Managers performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

57.    Plaintiff's and the Class Members' primary duties as Assistant Managers did not differ substantially from the duties of hourly, non-exempt employees.

58.    Plaintiff's and the Class Members' primary job duties as Assistant Managers did not include:

(a)    hiring;

(b)    firing;

(c)    making recommendations for hiring, firing, or other employment decisions;

(d)     scheduling; or

(e)     disciplining other employees.

59.     Plaintiff's and the Class Members' primary job duties as Assistant Managers were not directly related to Defendant's management or general business operations.

60.     Plaintiff's and the Class Members' primary job duties as Assistant Managers did not include the exercise of discretion or independent judgment regarding matters of significance.

61.     Plaintiff and the Class Members, as Assistant Managers, were not involved in planning Defendant's long- or short-term business objectives.

62.     Plaintiff and the Class Members, as Assistant Managers, did not formulate, affect, implement or interpret Defendant's management policies or operating practices.

63.     Plaintiff and the Class Members, as Assistant Managers, did not carry out major assignments that affected Defendant's business operations.

64.     Plaintiff and the Class Members, as Assistant Managers, did not have authority to commit Defendant in matters that had significant financial impact.

65.     Plaintiff and the Class Members, as Assistant Managers, could not waive or deviate from Defendant's established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the FLSA Collective)**

66.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

- 11 -

68.     At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.     At all relevant times, Defendant employed Plaintiff and the FLSA Collective.

70.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

71.     At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72.     At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

73.     Defendant has failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

74.     Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

75.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76.     As a result of the unlawful acts of Defendant, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief provided by law as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Pennsylvania Wage Laws – Unpaid Overtime
### (Brought on behalf of Plaintiff and the members of the Pennsylvania Rule 23 Class)

77.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendant engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Class and Collective Action Complaint.

79.     At all times relevant, Plaintiff and the members of the Pennsylvania Rule 23 Class have been employees of Defendant within the meaning of the Pennsylvania Wage Laws.

80.     Plaintiff and the Pennsylvania Rule 23 Class are covered by the Pennsylvania Wage Laws.

81.     Defendant has failed to pay Plaintiff and the members of the Pennsylvania Rule 23 Class overtime wages to which they are entitled under the Pennsylvania Wage Laws.

82.     Defendant failed to pay Plaintiff and the members of the Pennsylvania Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

83.      Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Pennsylvania Rule 23 Class.

84.     Defendant's violations of the Pennsylvania Wage Laws, as described in this Class and Collective Action Complaint, have been willful and intentional.

85.     Due to Defendant's violations of the Pennsylvania Wage Laws, Plaintiff and the members of the Pennsylvania Rule 23 Class are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated and other damages as provided for by the Pennsylvania Wage Laws, prejudgment and post-judgment interest,

injunctive and declaratory relief, and such other legal and equitable relief provided by Pennsylvania Wage Laws as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice to the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.    Unpaid overtime pay, penalties, and other damages as permitted by law pursuant to the Pennsylvania Wage Laws;

D.    Certification of the Pennsylvania Rule 23 Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.    Designation of Plaintiff as class representative of the Pennsylvania Rule 23 Class, and counsel of record as Class Counsel;

F.    Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G.    Prejudgment and post-judgment interest;

H.    An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein;

I.      A reasonable incentive award for the named Plaintiff to compensate her for the time she has spent and will spend attempting to recover wages for Class and Collective Members and for the risks she took in doing so;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 7, 2020                          Respectfully submitted,
       Pittsburgh, Pennsylvania

                                                By: */s/ Gary F. Lynch*
                                                    Gary F. Lynch

                                                **CARLSON LYNCH LLP**
                                                Gary F. Lynch
                                                1133 Penn Avenue
                                                5th Floor
                                                Pittsburgh, PA 15222
                                                Telephone:    (412) 322-9243

                                                **OUTTEN & GOLDEN LLP**
                                                Justin M. Swartz*
                                                Michael N. Litrownik*
                                                685 Third Avenue, 25th Floor
                                                New York, New York 10017
                                                Telephone:    (212) 245-1000

                                                **SHAVITZ LAW GROUP, P.A.**
                                                Gregg I. Shavitz*
                                                Alan Quiles*
                                                1515 S. Federal Highway
                                                Boca Raton, Florida 33432
                                                Telephone:    (561) 447-8888

Michael Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:      (800) 616-4000

*Attorneys for Plaintiff and the Putative
Class and Collective*

\* *Pro hac vice* application forthcoming